There are two questions which seem to me to arise in this case:
1. Is this confession of judgment in its statement of facts a compliance with the requirements of the Code?
2. If it be not, can a subsequent judgment creditor take advantage of the omission and set aside the judgment by motion, or must he resort to his action?
Chap. III, section 382 of the Code, authorizes a judgment by confession to be entered in the manner prescribed by that chapter. This necessarily excludes the right to do it in any other manner. Section 383 prescribes the contents of the statement on which the judgment may be entered, viz., it must be in writing, signed by the defendant and verified by his oath, to the following effect: 1. This written statement must state the amount for which judgment may be entered, and authorize the entry of judgment for that amount. 2. If the judgment to be confessed be for money due or to become due, the statement must state concisely the facts out of which the debt arose, and must show that the sum for which the judgment is confessed is justly due or to become due. 3. If the confession of judgment be for the purpose of securing the plaintiff against a contingent liability, the statement must concisely state the facts constituting the liability, and must show that the sum confessed therefor does not exceed the same.
I have here given an almost literal transcript of the section of the Code, substituting, to avoid confusion, the various nouns for which the pronoun "it" is employed in the places where it is used. *Page 221 
The portion of the section which must be construed to determine whether the judgment in this case is authorized by law, is the second subdivision, which requires that the written statement shall "state concisely the facts out of which the debt arose." By a reference to the statement in this case, it will be found to be that the debt arose out of two promissory notes, without any allegation even that the defendant is the maker or the plaintiff the holder, except the inference that may be drawn from the statement that a certain amount is due on the notes from the defendant to the plaintiff. But does any one know from this out of what the debt arose? Were the notes given for work and labor, for goods, wares and merchandise, for money loaned, or were they made by the defendant and given to the plaintiff without any consideration? No one can determine, from anything contained in this statement of facts, for what the notes were given; nor could the defendant be convicted of perjury, if he had made the notes and as a voluntary gift handed them to the plaintiff and then made this statement. The legislature, when it adopted this section requiring a sworn statement of the facts out of which the debt arose, surely did not intend to adopt language which could be so easily evaded as to permit a statement, which conveys no information to a person reading it, to be the foundation of a judgment by confession. On the contrary, the intention of this requirement was to compel the person confessing a judgment to disclose under oath, which oath was to become a part of the public records, what was the real consideration of the judgment confessed, and to show to all interested the transaction out of which the debt originated. This is the only conclusion I can draw from the language employed, and seems to me to be its fair and legitimate interpretation. I do not therefore deem it necessary to quote the report of the commissioners of the Code to show what they intended by presenting this section. But even if the language of this section is ambiguous, it is the duty *Page 222 
of the courts so to construe it as to remedy rather than perpetuate an evil, to accomplish rather than frustrate the end for which it was adopted. I am of opinion therefore that the language and obvious intent of the statute, as well as public policy, require us to hold this judgment void.
It remains only to determine whether the respondents, as subsequent judgment creditors, can take advantage of the omission, and by motion have the judgment set aside as to their judgment. Keeping in view the intent of the statute, to prevent fraudulent practices by debtors to shield their property, by creating fictitious liens upon it by means of judgments confessed to confidential friends, it is clear that the more summarily the fraud can be reached by an adverse claimant the less will be the temptation to resort to this as a means of fraud. The court has control over its own judgments, and may on motion, for cause shown, amend or set them aside. Ordinarily, when a debtor attempts by a fraudulent disposition of his property to avoid having it applied to the payment of his debts, it is necessary by some process to bring him or it into court; but where, as in this case, there is a judgment which the law deems fraudulent in the way of a valid judgment, I see no objection to allow the party interested in enforcing the subsequent judgment to come in and by motion ask to remove the obstacle in his way. In the case before us, the plaintiff sought to use the judgment and process of the court to prevent the respondents from collecting their judgment, and I think the supreme court rightfully exercised an admitted power in setting aside the judgment by confession. Had the plaintiff in the judgment by confession shown by satisfactory evidence that the debt for which this judgment had been entered up was really due him and originated out of a bona fide
transaction, that the form of the confession was defective on account of a misapprehension of the practice and the requirements of the statute, it might have been proper for the supreme court in the exercise of its discretion *Page 223 
to have permited an amendment thus preserving its lien and priority. But that question does not arise in this court. The order of the supreme court vacating the judgment should be affirmed with costs.
All the judges, except HAND, J., concurred.
Judgment accordingly.